IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALFA VISION INSURANCE CORPORATION                                    PLAINTIFF

V.                          CASE NO. 5:17-CV-05201

ROBERTO LOPEZ; MARIA LOPEZ;
MARIA ELENA LOPEZ; ALEJANDRO LOPEZ SIGALA;
and MARCO GUEVARA                                                    DEFENDANTS

## OPINION AND ORDER

Pending before the Court is Plaintiff Alfa Vision Insurance Corporation's ("Alfa") First Motion for Default Judgment as to All Defendants (Doc. 26). The Motion was filed on November 26, 2018, and none of the Defendants responded to it. The procedural history of this case necessitates an awkward resolution of an otherwise simple motion.

Alfa filed its original Complaint (Doc. 1) on October 16, 2017, seeking a legal declaration as to potential insurance obligations. Alfa served all four of the original Defendants, Marco Guevara ("Guevara"), Maria Lopez ("M. Lopez"), Maria Elena Lopez ("M.E. Lopez"), and Roberto Lopez ("R. Lopez") (Docs. 7-11), but they failed to appear, plead, or otherwise defend. Clerk's defaults were taken of record on April 19, 2018 (Doc. 18). But then, on August 14, 2018, Alfa filed a Amended Complaint (Doc. 21), adding one new claim against one new defendant, Alejandro Lopez Sigala ("Sigala"). Sigala was served on August 21, 2018 (Doc. 24), but when he failed to appear or defend, the Clerk entered a default against him, too (Doc. 25).

In its Motion for Default Judgment against all Defendants, Alfa relies on the Clerk's defaults as to the original complaint and fails to recognize the superceding effect of its Amended Complaint. The Court sought to bring this distinction to Alfa's attention by

vacating the Clerk's defaults as to the original complaint, because "[i]t is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." See the Court's December 18, 2018 Text Only Order (Doc. 27), citing In re Atlas Van Lines, Inc., 209 F.3d. 1064, 1067 (8th Cir. 2000).

To be sure, the Rules did not require Alfa to serve the Amended Complaint on the original defendants, since the amended pleading did not "[assert[] a new claim for relief" against any of them. Fed. R. Civ. P. 5(a)(2). By the same token, however, the defaults that were entered by the Clerk with respect to Alfa's original complaint were moot, and therefore could not technically serve as the premise for a default judgment. See Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co., Inc., 2009 WL 2916841, at *1 n.1 (E.D. Mo. Sept. 4, 2009) (discussing cases from multiple jurisdictions that found that a clerk's entry of default was rendered moot upon the filing of an amended complaint).

After its Order of December 18th, the Court expected that one of two things would happen next: either Alfa would move for a Clerk's default as to the Amended Complaint with respect to Defendants Guevara, M. Lopez, M.E. Lopez, and R. Lopez, or Alfa would serve the Amended Complaint on these Defendants and wait and see if they responded or defaulted again. Alfa took neither action, so the case remained in a state of limbo until just last week, when Alfa's counsel wrote a letter to the Court, see attached Exhibit 1, seeking further guidance.[1]

---

[1] The Court is not terribly surprised by counsel's letter and concedes that its text-only Order of December 18 could have been clearer in providing further guidance.

At first blush, it may seem overly technical to moot the Clerk's defaults as to the original complaint and require Alfa to seek Clerk's defaults as to the Amended Complaint. However, the Court finds value in maintaining this requirement, simply because one operative complaint should govern the case at all times. If the Court entered a default judgment against all Defendants, but based the judgment in part on Clerk's orders referencing two operative pleadings, the judgment itself would acknowledge the simultaneous existence of two operative complaints. For the sake of clarity of the record and to avoid confusion to the parties, the rule must be that a Clerk's default that refers to a defunct, superceded complaint must be moot. *See Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, at *12 (E.D.N.Y. March 5, 2014) (explaining why "multiple operative pleadings in the same action, especially with multiple defendants, can be a recipe for procedural confusion").[2]

The Court finds it is proper for the Clerk to enter defaults on the *Amended* Complaint as to Guevara, M. Lopez, M.E. Lopez, and R. Lopez. Such defaults were previously entered in the case with respect to the original complaint, and these Defendants continue to be in default. The remainder of this Order will assume the entry of the Clerk's defaults, and the Clerk is hereby **DIRECTED** to enter those defaults.

Turning now to the substance of Alfa's Motion for Default Judgment, Rule 55 contemplates a two-step process for the entry of such judgments. *United States v.*

---

[2] The Court can easily envision a case in which some defendants default on an original complaint, other defendants answer the original complaint, and the plaintiff files an amended complaint that is served on some defendants, but not others. The only clear-cut way for the parties and the Court to have confidence as to which pleading is operative is to require that Clerk's defaults be renewed after the filing of each amended pleading.

*Williamson*, 2013 WL 7864735, at *1 (E.D. Ark. Feb. 21, 2013) (citing *Fraserside IP L.L.C. v. Youngtek Sols., Ltd.*, 796 F. Supp. 2d 946, 950–951 (N.D. Iowa 2011) (citation and internal quotation marks omitted)). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default or defaults by submitting the required proof that the opposing party or parties have failed to plead or otherwise defend. *Id.* Clerk's defaults have now been entered (or are assumed to have been entered, *see supra*) as to all Defendants in this case. Second, the moving party may seek entry of judgment on the defaults under either subdivision (b)(1) or (b)(2) of Rule 55. *Id.* Here, Alfa requests entry of judgment by the Court under (b)(2), but does not request damages; instead, Alfa seeks only a declaratory judgment as to the parties' rights under a policy of insurance.

Having considered the Amended Complaint, the Motion for Default Judgment, the insurance policy at issue, and Alfa's supporting documentation and briefing, **IT IS ORDERED** that the First Motion for Default Judgment as to All Defendants (Doc. 26) is **GRANTED**, and the Court will file a separate judgment that states that there is no coverage available under Plaintiff Alfa Vision Insurance Corporation's Policy No. 11-03-003141872 for any bodily injuries and/or property damage, of any party, arising out of the December 7, 2016 motor vehicle accident in which Separate Defendant Alejandro Lopez Sigala was driving the insured vehicle, a 2005 Chevrolet Avalanche owned by Separate Defendant Maria Elena Lopez, without her permission and while he was not a named insured and/or permissive driver on the policy. Further, the Court's Judgment will indicate that Alfa has no duty to provide a defense and/or indemnity to any party, including, but not limited to,

4

Separate Defendants Roberto Lopez, Maria Lopez, Maria Elena Lopez, and Alejandro Sigala, for any claim arising out of the December 7, 2016 accident.

**IT IS SO ORDERED** on this 13th day of March, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE